THE CONSOLIDATED COAL COMPANY et al., appellants,

*v.*

THE NATIONAL STATE BANK, respondent.

1. Whether or not the holder of a confessed judgment is barred by the eightieth section of the Corporation act from obtaining a preference over the other creditors of an insolvent corporation depends not upon the intention with which the bond and warrant of attorney were given, but upon the intention with which the judgment itself was confessed. If the object to be attained in confessing the judgment was to give the holder thereof a priority over other creditors, the consequences provided by the act necessarily follow, notwithstanding the fact that, at the time of the execution of the bond and warrant of attorney, no intention to prefer existed.

2. Where a creditor who files a bill to obtain a decree of insolvency and the appointment of a receiver against a bankrupt corporation desires to attack the validity of the claim of a co-creditor, he should do so upon proceedings had before the receiver on the question of the distribution of assets. It is improper practice to make such attack by the bill of complaint.

On appeal from a decree advised by Vice-Chancellor Reed, in *Consolidated Coal Co.* v. *Keystone Chemical Co. et al.*

*Mr. Norman Grey* and *Mr. Herbert A. Drake,* for the appellants.

*Mr. Israel Roberts* and *Mr. Mark R. Sooy,* for the respondent.

The opinion of the court was delivered by

GUMMERE, J.

The bill in this case was filed by the appellant, the Consolidated Coal Company, on behalf of itself and such other creditors of the Keystone Chemical Company as should come in and join in the prosecution of the suit, for the purpose of obtaining a decree of insolvency against the latter company and the appointment of a receiver. A decree was also sought against the respondent, the National State Bank of Camden, a judgment creditor of the chemical company, declaring that the judgment which it held was confessed for the purpose of giving it a preference over the other creditors of the chemical company, and that it was, for that reason, only entitled to share proportionately with such other creditors in the distribution of the company's assets, by virtue of the provision of the eightieth section of the Corporation act. *Gen. Stat. p. 923.* The provision of the section appealed to is that, in the distribution of the funds of an insolvent corporation, " the creditors shall be paid proportionally to the amount of their respective debts, excepting mortgage and judgment creditors when the judgment has not been by confession for the purpose of preferring creditors."

A decree of insolvency was made and a receiver appointed, pursuant to the prayer of the bill. Subsequently, the respondent, the National State Bank of Camden, filed its answer denying that the judgment held by it was confessed for the purpose of preferring it to the other creditors of the chemical company, and the court of chancery, on final hearing, sustained this claim and decreed that the bank's judgment should be first paid out of the chemical company's assets. From that decree this appeal is taken.

The material facts relating to the confession of the bank's judgment are as follows: On the 20th of November, 1893, the chemical company borrowed of the bank the sum of $25,000, and, as evidence of the loan, made and delivered to it a promissory note for that amount, payable in three months. This note was renewed from time to time as it fell due, the last renewal being made on January 13th, 1896, and being for two months. On the 15th of January, 1894, the chemical company obtained a fur-

ther loan from the bank of $2,500, and, as evidence thereof, made and delivered to the bank its promissory note for that amount, payable on demand. In the month or September, 1895, the president of the chemical company applied to the bank for a further loan of $10,000. The bank agreed to make the loan provided the company would execute and deliver to it a bond, with a warrant of attorney to confess judgment thereto annexed, as security for the entire indebtedness owing by the company to the bank; that is to say, the $27,500, previously loaned, as well as the $10,000 about to be advanced. The company consented to this proposition, and, on September 27th, 1895, executed and delivered to the bank the bond and warrant of attorney upon which the contested judgment was subsequently entered, at the same time receiving from the bank the additional loan of $10,000, for which it gave to the bank its two promissory notes of $5,000 each, one dated September 23d, 1895, and the other dated the 27th of the same month, and each being payable four months after date. Both of these notes were subsequently renewed, at maturity, for an additional period of four months.

On the 26th day of February, 1896, the company, being then on the very verge of insolvency, if, indeed, it was not already insolvent, the renewal note of January 13th, 1896, for $25,000, which did not fall due until March 13th of that year, the demand note of $2,500, made on January 15th, 1894, and the two notes of $5,000 each, which did not mature until May 23d and May 27th, 1896, respectively, were canceled by the bank and surrendered to the company, the latter at the same time giving to the bank a demand note for $37,500 in their stead. On the same day the company confessed the judgment which is the subject of attack in this suit.

In addition to the proof of these facts, there was evidence produced from which the court below found that, at the time of the making of the $10,000 loan and the giving of the bond and warrant of attorney, neither the chemical company nor the bank supposed that the former would be compelled to cease business on account of financial embarrassment, but rather that this additional loan would tide it over its troubles and enable it to con-

tinue its business; and it was because of the existence of this belief, both on the part of the debtor and the creditor, that the court of chancery considered that the judgment was not confessed for the purpose of giving a preference.

The conclusion thus reached would seem to be based upon the idea that the execution of a bond and warrant of attorney to confess judgment, and the actual confession of a judgment thereon, are one and the same thing, for on no other theory can the intention with which the former were executed be held to be conclusive of the purpose with which the judgment was confessed. But this idea is palpably erroneous. The execution and delivery of a bond and warrant of attorney by a debtor to his creditor merely puts the latter in a position where he may, if he desires, obtain a judgment against the former, a position which the creditor not infrequently fails to take advantage of. Nor is the intention with which the bond and warrant are given *necessarily* the intention with which the judgment is confessed. When a creditor takes a bond and warrant of attorney as security for a debt due from an entirely solvent debtor, but refrains from having a judgment confessed thereon, it can readily be conceived that he has not taken his security for the purpose of obtaining a preference over other creditors; but if his debtor subsequently becomes insolvent and, as soon as that fact comes to his knowledge, he procures an attorney to represent his debtor and confess a judgment on the bond, no one would doubt for a moment that his object in doing so was entirely different from that which originally caused him to take the bond and warrant, and that he procured the judgment to be confessed solely for the purpose of obtaining a priority over other creditors.

And this was the situation of the respondent in this case. Conceding that the proofs justify the conclusion that, at the time of the making of the bond and warrant neither of the parties thereto had any thought of preferring the respondent, it is manifest that the purpose, both of the bank and the chemical company, at the time the judgment was confessed, was thereby to give the former a preference over the other creditors of the latter. No other reasonable explanation can be found of the surrender,

on the very day the judgment was entered, of the unmatured notes of the company and the substitution of the demand note in their place. The object sought to be accomplished by making the whole amount of the company's indebtedness immediately due and payable was, indubitably, to put the bank in a position where it could safely enter up its judgment forthwith.

The statute deals with the intention with which the judgment is confessed, not with the purpose for which the bond and warrant are given, and if it appears that the object sought to be accomplished by the confession of the judgment was to enable the plaintiff therein to thereby obtain a preference over other creditors, proof that such intent did not exist at the time of the making of the bond and warrant will not operate to relieve from the consequences imposed by the statute.

Whether the same result would follow if the creditor alone, or the debtor alone, should seek by the confession of a judgment to create a preference, it is not necessary now to decide. In the present case both the creditor and the debtor united in the purpose to give the former a preference over the other creditors of the latter by the confession of the judgment, and their joint action clearly brings the case within the statute. The judgment of the respondent should, therefore, be paid proportionally with the other debts of the chemical company.

Before leaving the case we deem it proper to state that, in our opinion, the question of the position which the respondent's judgment is entitled to occupy in the distribution of the assets of the chemical company, has been brought before the court in an entirely irregular way. An attack by one of the creditors of a corporation on the validity of a claim held by another, has no place in a bill filed in behalf of all the creditors for a decree of insolvency and the appointment of a receiver. All such questions should be raised after the decree of insolvency is pronounced, in proceedings had before the receiver on the question of the distribution of assets. But as the party whose judgment has been attacked has been heard in defence of its claim to have it declared a preferred debt, and as the conclusion reached by us is in the interest of those creditors who have not been afforded a

hearing in the matter, no rights can be injuriously affected by the irregularity of the proceeding. We have therefore considered and decided the question presented without regard to the course of procedure which has been adopted by the complainant.

The decree appealed from should be reversed, with costs.

*For reversal*—The Chief-Justice, Collins, Depue, Dixon, Garrison, Gummere, Lippincott, Van Syckel, Adams, Bogert, Hendrickson, Nixon—12.

*For affirmance*—Ludlow—1.